### CONDE *v.* WILTSIE *et al.*

(*Supreme Court, General Term, Third Department.* December 28, 1891.)

TRIAL — CONFLICTING EVIDENCE—PROVINCE OF JURY.

Where the evidence is conflicting, the court should neither grant a nonsuit nor direct a verdict, but should submit the whole matter to the determination of the jury.

Appeal from circuit court, Albany county.

Action by Benjamin L. Conde, administrator of Hannah Ham, deceased, against Hiram Wiltsie and another, executors of Ambrose Wiltsie, Jr., deceased. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before LEARNED, P. J., and KELLOGG, J.

*Andrew Vanderzee,* (*Nathaniel C. Moak,* of counsel,) for appellants. *Van Alstyne & Hevenor,* for respondent.

KELLOGG, J. This case seems to have presented a simple question of fact for the jury. It was submitted to the jury, and a verdict rendered in favor of the plaintiff. From the judgment in favor of the plaintiff, defendants appeal. It appears that in April, 1877, Hannah M. Ham, deceased since the trial in this action, conveyed by deed of warranty certain real estate to Hiram Wiltsie, who has since died; that the consideration expressed in such deed was $2,000, with the usual declaration of acknowledgment of its payment to the vendor. The deed is made subject to a mortgage of about a thousand dollars upon the premises. It is alleged in the complaint that the consideration of $2,000 has never been paid; that the grantee, at the time of the delivery of the deed, promised to make payment thereafter, and subsequently made some small payments in pursuance of such promise. It is also claimed by the plaintiff that the mortgage upon the premises was also to be paid by the vendee in addition to the consideration of $2,000 expressed. On the part of the defendant it is claimed by answer that the deed was taken by the grantee, who was subsequently to sell the said property for the best price he could obtain, and out of the proceeds of sale to deduct the sums of money then owing by the grantor to the grantee, and also the sum of money which he might have to pay in extinguishment of the mortgage upon the premises, and the balance, if any, should be paid over to Hannah M. Ham, the grantor. To support the contention of the plaintiff, she produces as a witness the husband of the grantor, who testified that he was present at the time the arrangement was made in reference to the conveyance of this property to Ambrose Wiltsie, Jr., the grantee; that it was "that he would buy the property for her, and would give her $2,000 for the property, subject to the mortgage held by Joslin Nodine. He further said he would take the property, and, as soon as he sold it, he would pay her for it; that in pursuance of such agreement a deed was made and delivered; that subsequent thereto, and in 1881, a portion of said premises was sold for $1,000, and in 1882 the balance of said premises was sold for $1,400. The plaintiff also produced as a witness one Mary E. Baumes, a sister of Hannah M. Ham, the grantor, who testified to a conversation with Ambrose Wiltsie, the grantee in the deed, had in the year 1880, in which she says: "He [Wiltsie] told me he had taken the property to save it for her, [Hannah M. Ham,] that he meant to sell it again, and every dollar that he got more than she had of him he meant she should have." To controvert this proof, and to establish before the jury that any payment on the mortgage then on the premises

was to be taken out of the avails of the sale of the property when made, and also to establish that the indebtedness existing in Hannah M. Ham to the grantee was also to be taken out, and what that indebtedness was, the defendant offered a letter written in 1876, and prior to the conveyance by Hannah M. Ham to the grantee aforesaid, and relied upon the book of accounts of the said Ambrose Wiltsie offered in evidence by the plaintiff, and also statements made by Hannah M. Ham as to her not having any property at a time subsequent to the conveyance by this deed, and certain other proofs,— all of which were submitted to the jury under the instructions contained in the charge of the court, and upon all the evidence the jury were instructed to find upon all the questions involved. It does not appear that any error was committed in the charge of the court, taken as a whole, or that any error was committed by the court in the allowance of the evidence offered, or in the exclusion of any evidence offered. It would have been error to have granted a nonsuit, and error to have directed a verdict upon facts and proof so conflicting. We think there is sufficient evidence in the case to support the verdict of the jury, and that it was eminently a case for their consideration and final determination upon the facts. Judgment affirmed, with costs.